141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAMPAIGN FOR THE RESTORATION & REGULATION OF HEMP; American
Anti-Prohibition League; Pay for Schools by
Regulating Cannabis; Jeff Crawford,
Plaintiffs-Appellants,
v.
CITY OF PORTLAND; Vera Katz, Mayor City of Portland;
Charles Moose, Chief, Bureau of Police City of
Portland, Defendants-Appellees.
 No. 97-35168.
No. CV 96-1277 MFM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1998.
Decided March 16, 1998.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Campaign for the Restoration & Regulation of Hemp ("CRRH"), American Anti-Prohibition League, Pay for Schools by Regulating Cannabis ("PSRC"), and Jeff Crawford (collectively "Appellants") appeal the district court's dismissal with prejudice of their action seeking relief under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. BACKGROUND
 
 3
 Appellants sued the city of Portland, Oregon, its mayor and police chief (collectively "Appellees"), alleging that Appellees violated state election laws and thereby violated federal civil rights laws. Appellants, suit was based on the same claims and factual allegations as those in a related case, Landrath v. City of Portland.[1] Floyd Ferris Landrath, a member of two of the organizations in the instant case, alleged a conspiracy among various Portland officials to crush his movement to legalize marijuana. In addition to other claims not relevant here, Landrath alleged that state officials violated a state election law, O.R.S. § 260.432, resulting in federal civil rights violations.[2]
 
 
 4
 The district court dismissed Landrath's complaint for failure to comply with Fed.R.Civ.P. 8, warning that future failure to comply might result in dismissal with prejudice. Landrath then filed an amended complaint, which the court dismissed with prejudice for failure to comply with the court's order to comply with Rule 8. In a footnote to its order, the court also indicated that the amended complaint failed to state a claim.
 
 
 5
 Like Landrath, Appellants alleged that several Portland police officers violated O.R.S. § 260.432 by declaring their opposition to a PSRC-sponsored ballot initiative and by opposing Crawford's attempt to hold a "Hemp Festival" in a public park. Appellants sought a declaration that the officers violated the First and Fourteenth Amendments, and an injunction to prevent the city from violating O.R.S. § 260.432 by attempting to oppose a new ballot initiative sponsored by CRRH.
 
 
 6
 After Landrath's case was dismissed with prejudice, Appellants filed a Motion for Clarification, acknowledging that their complaint contained "the same factual allegations and essentially the same federal claims as contained in part of the Landrath case." They sought clarification as to whether the dismissal of Landrath rendered their case moot. The court granted the motion and dismissed the case with prejudice for the reasons set forth in Landrath.
 
 
 7
 We review de novo the dismissal of a complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6). Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996). We may affirm the dismissal on any basis fairly supported by the record. Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996).
 
 II. DISCUSSION
 
 8
 Appellants fail to identify how a violation of O.R.S. § 260.432, if one even occurred, would constitute a federal civil rights violation. Appellants' reliance on Burt v. Blumenauer, 299 Or. 55, 699 P.2d 168 (Or.1985) (en banc), is misplaced. The court in Burt did not find a violation of O.R.S. § 260.432, but merely concluded that factual issues remained regarding such an alleged violation and therefore affirmed the appellate court's reversal of summary judgment. Id. at 181. The court did not hold that a violation of O.R.S. § 260.432 would provide the basis for a federal claim.
 
 
 9
 Nor does Cooper v. Eugene Sch. Dist. No. 4J, 301 Or. 358, 723 P.2d 298 (Or.1986) aid Appellants. Cooper involved the constitutionality of an Oregon statute prohibiting a teacher from wearing religious dress. The plaintiff in that case clearly alleged a violation of a constitutional right--free exercise of religion. See Cooper v. Eugene Sch. Dist. No. 4J, 76 Or.App. 146, 708 P.2d 1161, 1165 (Or.Ct.App.1985) (en banc), rev'd, 301 Or. 358, 723 P.2d 298 (Or.1986).
 
 
 10
 Appellants have failed to cite any constitutional violation that would support a federal civil rights claim. Furthermore, it is doubtful that O.R.S. § 260.432 was even violated. As Appellants correctly assert, the statute limits the free speech of public employees; however, it expressly permits the expression of personal political views. The statements made by the officers are expressions of their personal views, not official attempts to oppose the gathering of signatures for PSRC's initiative.[3] The comments and actions alleged by Appellants are insufficient to support their claims that O.R.S. § 260.432 and federal civil rights laws were violated.
 
 
 11
 Appellees' request for attorney's fees pursuant to 42 U.S.C.1988(b) and 28 U.S.C. § 1927, and for damages and costs pursuant to Fed.R.App.P. 38 is denied. Appellees shall recover of appellants their costs on appeal. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 This case is the subject of a separate appeal, No. 97-35246
 
 
 [2]
 The statute at issue provides, in part:
 No public employee shall solicit any money, influence, service or other thing of value or otherwise promote or oppose any political committee or promote or oppose ... the gathering of signatures on an initiative ... while on the job during working hours. However, this section does not restrict the right of a public employee to express personal political views.
 ORS § 260.432(2).
 
 
 [3]
 There were several statements that allegedly violated the statute. First, in a television interview, a reporter asked Officer C.W. Jensen whether he thought the community should support legalized marijuana. The officer responded, "I don't think so." In an article in a Portland State University newspaper, Officer Jim Hudson stated that he didn't think the PSRC initiative would reach voters and that he thought it was wrong to legalize marijuana because more kids would smoke it if it were legalized. In the same article, Drug Abuse Resistance Education coordinator, Roy Allen, stated, "I'm not in favor of the measure," citing his experience seeing kids "mess their lives up."
 Regarding the other incident, in which some officers opposed Crawford's "Hemp Festival," Appellants have failed to show that the officers' actions were inconsistent with Parks Bureau permit policies. The Parks Bureau specifically reserved the right to seek assistance from the police in reviewing permit applications. Moreover, there is no indication of how the officers, actions would violate a state election law.